**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. SHAWN MICHAEL DOHMEN, Defendant. | Criminal No. 00-47 (1) (JRT) **ORDER** |

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for plaintiff.

Robert D. Richman, **MARGULIES & RICHMAN**, 2520 Park Avenue South, Minneapolis, Minnesota 55404, for defendant.

This matter is before the Court on defendant Shawn Michael Dohmen's ("Dohmen") motion to clarify term of supervised release and for early discharge [Docket No. 153].

**BACKGROUND**

Dohmen pled guilty to distribution of MDMA ("Ecstasy"). On March 29, 2001 this Court sentenced Dohmen to 30 months in prison, followed by a three-year period of supervised release. Within days of being released from the U.S. Bureau of Prisons on January 2, 2003, Dohmen was arrested at the request of Belgium and subsequently extradited to that nation in order to serve a sentence that was imposed after his conviction in absentia after a 1999 arrest on drug charges in Belgium. At the time of his motion,

Dohmen had been in continuous custody at the request of and subsequently in Belgium since his arrest on January 6, 2003. Since his motion, Dohmen has been released by Belgium and returned to the United States.

The principle issue raised in Dohmen's motion is whether his supervised release term has been tolled during the time he was imprisoned in Belgium. Dohmen's period of incarceration in a foreign country after a conviction in a foreign court does not toll his period of supervised release under 18 U.S.C.A. § 3624(e). Accordingly, no portion of Dohmen's three-year supervised release term has been tolled since it commenced on January 2, 2003.

**ANALYSIS**

In his motion Dohmen seeks clarification as to whether his incarceration in Belgium of longer than 30 days after a conviction in a foreign court constitutes a "conviction" for which his period of supervised release will not run under 18 U.S.C.A. § 3624(e), which states in pertinent part:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C.A. § 3624(e)

The Supreme Court recently held in *Small v. United States*, 125 S. Ct. 1752 (April 26, 2005) that foreign convictions are not included within the definition of the term "any conviction" as used in the felon in possession statute, 18 U.S.C. § 922(g)(1). The language expressed in 18 U.S.C.A. § 3624(e) which would trigger a tolling of a period of supervised release refers to "a conviction for a Federal, State, or local crime." This language is more restrictive than that of "any conviction" used in § 922(g)(1) which was held by the Supreme Court to include only domestic convictions. In light of the plain language of U.S.C.A. § 3624(e), as reinforced by *Small*, Dohmen's supervised release term is not tolled during the time he is serving or has served a criminal sentence under a foreign conviction in Belgium. Accordingly, Dohmen's term of supervised release is scheduled to expire on January 1, 2006, subject to fulfillment of all the conditions of his term of supervised release.

Dohmen has also moved for an early discharge from supervised release. The Court denies that request.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to clarify term of supervised release [Docket No. 153] is **GRANTED**. Defendant's three-year term of supervised release began on January 2, 2003 and is scheduled to expire on January 1, 2006, subject to fulfillment of all the conditions previously imposed by the Court.

2. Defendant's motion for early discharge [Docket No. 153] is **DENIED**.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the United States Probation Office, District of Minnesota.

DATED: August 10, 2005
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge